FILED

SEP - 9 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SENORINO R. CRUZ, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendant.

No. C 01-00892 CRB

ORDER RE: DEFENDANT UNITED STATES' MOTION TO DISMISS

Now before the Court is defendant the United States' motion to dismiss plaintiffs' remaining contract claims as time-barred. After carefully considering the memoranda submitted by the parties, the Court concludes that the motion should be GRANTED.

This Court's prior rulings in this matter and the related De La Torre action specifically foreclose plaintiffs' renewed claims that the statute of limitations has not yet accrued or should be tolled. Those rulings apply equally here and will not be reconsidered. Specifically, the Court has previously ruled that bracero contract claims would have become time-barred over a half century ago unless they could show a "compelling justification for delay," that defendants concealed key facts, or that the injury was "inherently unknowable." See De La Torre v. United States, No. C 02-1942 CRB, Memorandum and Order filed September 10, 2004, slip op. at 13-14 (quoting Martinez v. United States, 33 F.3d 1295, 1319 (Fed. Cir. 2003)). The Third Amended Complaint alleges that plaintiffs Felipe Nava and

1  Rafael Nava "had no knowledge that deductions had been made from their wages and/or
2  were unaware that such savings fund deductions were to have been refunded to them." Third
3  Amended Complaint ¶ 46. This is not sufficient to show that plaintiffs' injury was
4  "inherently unknowable."

5  Moreover, the Court rejects plaintiffs' argument that the statute of limitations should
6  be tolled based on their allegation that "[t]he United States operated the savings fund
7  program and received and transmitted braceros' funds knowing that those funds were being
8  wrongfully diverted and would not be refunded to the braceros." Third Amended Complaint
9  ¶ 38. The statute would be tolled based these allegations only if defendant "fraudulently or
10 deliberately conceal[ed] material facts relevant to [plaintiffs'] claim so that [plaintiffs were]
11 unaware of their existence and could not have discovered the basis of [their] claim."
12 Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577 (9th Cir. 1988). The
13 alleged fraud or concealment must make the injury "inherently unknowable." See id.
14 (quoting Urie v. Thompson, 337 U.S. 163, 169-70 (1949)). Here, even accepting plaintiffs'
15 allegations as true, plaintiffs still could have discovered the basis of their claim, i.e. that "the
16 money was withheld and that it was never refunded," see Cruz v. United States, 219
17 F.Supp.2d 1027, 1041 (N.D. Cal. 2001); see also Hopland Band, 855 F.2d at 1577 ("[I]t is
18 not necessary that plaintiff obtain a complete understanding of *all* of the facts before tolling
19 ceases and the statute begins to run." (emphasis added) (citation omitted)). Tolling is
20 therefore not appropriate.

21 The Court also finds that further discovery would not alter its earlier legal
22 determinations regarding accrual and tolling. The Court has already ruled that the facts
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

underlying plaintiffs' claims were not "inherently unknowable" and nothing that might be produced during discovery could alter that holding. Thus the request for discovery is denied.

Accordingly, the motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

Dated: Sept. 09, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE